RAYMOND G. HODGES *vs.* HUNTER C. WHITE *et al.*

An execution issued after the death of a party is voidable, and not void.

If the heirs wish to avoid such an action they are the ones to proceed ; and this may be by motion to quash, or to stay the execution, or by bill in equity for an injunction.

In a bill for this purpose the judgment plaintiffs should be made parties.

BILL IN EQUITY to restrain the service of an execution. Heard on pleadings and proofs.

*February* 17, 1897. STINESS, J. This is a bill to restrain the service of an execution, issued against James R. Hodges in his life time, upon the ground that it is irregular and void, because of the death of said Hodges before the teste of the execution. We do not think the issue was irregular. Courts seldom have notice of the death of those against whom judgments have been rendered and, without it, execution issues upon a judgment as a matter of course. So far as appears, the issue of the execution in question was in this way, and hence it was not irregular unless the execution was absolutely void, as the complainants claim. Whether it is void or voidable is a question which has been much discussed. Without reviewing the numerous authorities on this point, it will suffice to take Mr. Freeman's summary in his work on executions, vol. 1, 2 ed. § 35, where he says : "Some of the authorities deny that the death of the defendant is an extinguishment of the *power* to issue execution ; and affirm that a writ thereafter issued without revivor of the judgment, though voidable is not void. These authorities, while sustainable on principle, are borne down by the weight of opposing authority." Where either one of two opinions may be held with almost equal reason, it is proper to follow the current of authority upon the ground of uni-

formity.   Or where a rule has become established as law, against what may seem to be the better reason, to which rule practice has conformed and under which rights may have accrued, it should be adhered to upon the principle *stare decisis.*   But where the question is simply one of local application and is raised for the first time, weight of authority should not stand in the way of reason.   A court is quite free to take the path which seems to lead to the right end, however many may have gone the other way.   We therefore hold that an execution issued after the death of a party is voidable and not void.   Our reasons for this conclusion are these :   After judgment there is no way to get the fact of death upon the record, except by a motion to quash or to stay the execution.   This would come from the heirs or representatives of the execution defendant.   But if the execution is held to be void, there is no need to do this.   The heirs are most likely to know of the death, and hence are the most proper persons to bring the fact upon the record.   A plaintiff ignorant of the death may proceed in good faith with his execution, while the heirs, who know the fact, stand by, allow him to go on and then call him to account for proceedings under a void execution.   This course is not allowed in any other branch of the law, and we see no reason why it should be possible in the case of an execution.   But if the execution be held to be voidable only, it puts the duty of moving for its stay upon the parties who have an interest in the stay, which is where it properly belongs.   This preserves the rights of all parties, and is in accordance with the recognized course in other branches of practice.   If it be said that the heirs may be ignorant of the judgment and execution, not being parties to it, a sufficient answer seems to be that, as the judgment against the ancestor is *prima facie* binding upon his estate, there is less chance of injury to their rights in holding the execution to be voidable than to the rights of him who has the execution in holding it to be void.   Moreover, the latter course would, in many cases, require the unnecessary trouble and expense of *scire facias,* because the heirs, having no defence against the judgment, might be

quite as willing to allow satisfaction to be made on the execution upon the original judgment, as on an execution in *scire facias.* We think, therefore, that if the heirs wish to avoid the execution they should be the ones to proceed. In the present case the complainants have proceeded by bill in equity, which, as it operates directly upon the execution, is an equally appropriate and effectual remedy as a motion to quash or to stay the execution, and the bill also sets out grounds for equitable relief by injunction. The bill, however, is against the sheriff and his deputy only ; but, clearly, the judgment plaintiffs should be made parties, which can be done by amendment. Upon decree, the plaintiffs may then proceed by *scire facias,* which is not only a common law writ, but one recognized by our statutes ; more particularly in Gen. Laws, cap. 218, § 26, providing for *scire facias* by an administrator *de bonis non* upon a judgment by a preceding executor or administrator ; and in cap. 239, § 5, referring to *scire facias* brought upon a judgment. We think, therefore, that a preliminary injunction should be granted, with leave to amend the bill by bringing in the judgment plaintiffs.

*Edward D. Bassett & Edward L. Mitchell,* for complainants.

*Charles H. Page & Franklin P. Owen,* for respondents.